**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KIMBERLY DURAN,

Plaintiff,

v. No. 2:26-cv-3726-GBW-KRS

LOYA INSURANCE COMPANY,

Defendant.

**JURISDICTIONAL ORDER TO SHOW CAUSE**

Plaintiff filed a complaint in state court on August 24, 2026 alleging various causes of action against Defendant Loya Insurance Company based on Defendant's failure to provide Plaintiff uninsured/underinsured motorist ("UM/UIM") coverage pursuant to an insurance policy issued by Defendant. (Doc. 1-1). On November 4, 2026, Defendant removed the state court complaint to this Court, alleging subject matter jurisdiction based on diversity of citizenship. (Doc. 1 at 1). The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte. See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under the diversity statute, federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). As the party seeking federal court jurisdiction, Defendant bears the burden of pleading and proving that the requirements of the diversity statute are met. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Upon review of the Notice of Removal and the state court complaint, the Court concludes that Defendant has plausibly alleged the requisite diversity of citizenship, but not that the amount in controversy requirement has been met. Accordingly, Defendant will be ordered to show cause why the case should not be remanded to state court.

**Standard**

For purposes of determining the existence of diversity jurisdiction, the amount in controversy is to be determined with reference to the facts as they existed at the time of filing. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."). "[T]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, No. 23-1243, 2023 WL 6121016, at *4 (10th Cir. Sept. 19, 2023) (quoting *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008)).

"Removal typically proceeds on jurisdictional allegations, not proof of jurisdictional facts. The defendant must provide in its notice of removal 'a short and plain statement of the grounds for removal.'" *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (quoting 28 U.S.C. § 1446(a)). "[C]ourts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (internal quotation marks and brackets omitted). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88-89. Plausibility may turn on allegations in the complaint and/or information provided in the notice of removal. *See Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) ("When a complaint does not state a specific amount in controversy, a defendant's notice of removal may do so." (citing *Dart Cherokee*, 574 U.S. at 84 (citing § 1446(c)(2)(A))). Once the removing defendant has plausibly alleged the amount in controversy, evidence "establishing jurisdiction [is not] required," unless "the plaintiff contests, or the court questions, the defendant's [plausible] allegation[s]." *Brown*,

2023 WL 4174064, at *4 (citing *Dart Cherokee*, 574 U.S. at 89, and *McPhail*, 529 F.3d at 955). If a challenge is made, "the 'party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.'" *Id.* (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

## Discussion

The Notice of Removal concludes that more than $75,000 is in controversy based solely on the factual allegations of the state court complaint. But the Court is unable to conclude from those allegations that more than $75,000 is in controversy without resorting to speculation. Plaintiff alleges that she was injured in a car accident, and that the other driver's insurance policy was insufficient to compensate her for her injuries. But she does not allege any facts concerning the nature of her injuries, the amount of insurance coverage for those injuries provided through the other driver's insurance policy, the total liability limit for UM/UIM coverage provided by the policy issued by Defendant, or the amount of UM/UIM coverage to which she claims she is entitled. In short, the Court can glean no information whatsoever from the state court complaint about the amount of damages that Plaintiff might be seeking from Defendant for breach of the insurance policy. *See Leyva v. Macia*, No. 2:26-cv-266 GJF-KRS, Doc. 6 (D.N.M. Feb. 6, 2026); *Landeros v. Singh*, No. 2:25-CV-352-GJF-KRS, 2025 WL 1795159, at *2 (D.N.M. June 30, 2025); *Medina on behalf of Medina v. Wal-Mart Stores E., Inc.*, No. CV 24-767 GBW/KRS, 2024 WL 5087557, at *2 (D.N.M. Dec. 12, 2024).

Defendant attempts to satisfy the requirement of plausibly pleading the amount in controversy by pointing to specific categories of damages the state court complaint seeks. Thus, Defendant points out that the state court complaint alleges causes of action for Unfair Insurance Practices, Unfair Trade Practices, Insurance Bad Faith, Breach of Contract, and Breach of the

Implied Covenant of Good Faith and Fair Dealing. (Doc. 1 at ¶ 11). Defendant also notes that, pursuant to these causes of action, Plaintiff seeks treble damages, punitive damages, compensatory damages, cost and expenses, reasonable attorneys' fees, pre-judgment interest, and post judgment interest. (*Id.* ¶ 12).

"A party must do more than point to the theoretical availability of certain categories of damages. General assertions of damages, unsupported by any facts or evidence of specific injury, do not suffice." *Scott v. Bender*, 893 F. Supp. 2d 963, 970 (N.D. Ill. 2012) (internal quotation marks omitted)); *see Hernandez v. Safeco Ins. Co. of Am.,* No. CV 11-245 JP/CG, 2011 WL 13284598, at *4 (D.N.M. Sept. 8, 2011) (finding that a plea for "various types of damages for an unspecified amount of money" to be "insufficient for the Court to estimate, without resorting to speculation, what Plaintiff's claimed damages amount to and whether those damages exceed $75,000"). Rather than simply asserting that categories of damages such as treble damages, punitive damages, and attorneys' fees may be considered in determining the amount in controversy, the removing defendant must provide some factual support for the conclusory allegation that the plaintiff's potential recovery taking into account these categories exceeds the jurisdictional minimum.[1]

[1] *See, e.g., Warren v. Wild 1, Inc.,* No. CV 24-00471-KD-B, 2025 WL 980081, at *11 (S.D. Ala. Mar. 13, 2025) ("Nothing in Warren's sparse allegations and generic list of unspecified damages makes it clear that the amount in controversy reaches the jurisdictional amount. Indeed, it is well-settled that vaguely listing categories of damage does not satisfy a removing defendant's burden of establishing the amount in controversy.") (internal quotation marks and citation omitted) (citing cases)), *report and recommendation adopted*, No. CV 24-00471-KD-B, 2025 WL 978398 (S.D. Ala. Mar. 31, 2025); *Gamboa v. Occidental Fire & Cas. Co. of N.C.*, No. CV 23-5843, 2024 WL 147852, at *2 (E.D. La. Jan. 12, 2024) ("pleading general categories of damages, ... without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test" (internal quotation marks and citations omitted)); *Romero-Palacios v. Warren Elec., LLC*, No. PE:21-CV-00042-DC-DF, 2022 WL 508342, at *4 (W.D. Tex. Feb. 18, 2022) ("Courts throughout the Fifth Circuit have routinely held that a complaint featuring only general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the [specific] amount of the damages sought, contains insufficient jurisdictional facts for the party invoking diversity jurisdiction to meet his burden of proving that the amount in controversy is satisfied under the first prong of the test." (internal quotation marks omitted) (quoting *Johnson v. Beale*, No. 18-961-BAJ-

Although the Court is permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and "may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements," *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010), "that is not an invitation to speculate as to whether the requisite amount in controversy is facially apparent," *Vail v. Smarterfuel S., LLC*, Civil Action No. 13–00277–KD–N, 2013 WL 5373525, at *6 (S.D. Ala. Sept. 25, 2013); *see, e.g., Warren*, 2025 WL 980081, at *11 ("the amount in controversy cannot be measured in a factual vacuum, and to extrapolate an amount in controversy exceeding $75,000 from the complaint's limited and generalized allegations and the minimal concrete evidence presented by Defendants would require impermissible speculation."). In a situation such as this where there is no explicit demand in the complaint for more than $75,000.00, and no specific factual allegations from which an actual calculation can be performed or amounts inferred in a non-speculative manner, the removing defendant must show how much is in controversy through other means, such as "interrogatories or admissions in state court; … informal estimates or settlement demands[;] or …. evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail*, 529 F.3d at 955 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006)); *see also Roe*, 613 F.3d at 1061 (explaining that in some cases, the removing defendant may need "to provide additional evidence demonstrating that removal is proper")).

**IT IS THEREFORE ORDERED** that no later than **November 16, 2026** Defendant shall **SHOW CAUSE** why the undersigned should not recommend that case be remanded for lack of

---

EWD, 2019 WL 2150399, at *4 n.33 (M.D. La. Apr. 24, 2019) (collecting cases), *report and recommendation adopted*, No. 18-961-BAJ-EWD, 2019 WL 2144807 (M.D. La. May 15, 2019))).

subject matter jurisdiction. *See Brown*, 2023 WL 4174064, at *3 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (quoting 28 U.S.C. § 1447(c)). Defendant may show cause by filing an Amended Notice of Removal that adequately alleges facts showing the Court has diversity jurisdiction, including that the amount in controversy requirement is satisfied, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Defendant is also reminded of the deadline for a defendant to answer or otherwise respond to the complaint after removal. *See* FED. R. CIV. P. 81(c)(2).

IT IS SO ORDERED this 6th day of November, 2026.

Kevin Sweazea

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE